# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-3100**

**September Term, 2024**

**1:98-cr-00264-RCL-7**

**Filed On:** January 31, 2025

United States of America,

      Appellee

    v.

Shelton Marbury, also known as Wah-Luck,

      Appellant


### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Wilkins, and Rao, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's July 12, 2024, order be affirmed. Appellant challenges the denial of his motion to reduce his sentence under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Appellee has conceded that appellant was sentenced for a "covered offense," First Step Act § 404. Therefore, this court assumes, without deciding, that appellant is statutorily eligible for relief. After concluding that a defendant is eligible for relief, a district court then has discretion to determine whether it should impose a reduced sentence. See United States v. White, 984 F.3d 76, 88 (D.C. Cir. 2020). As to that determination, the district court did not abuse its broad discretion in denying appellant's motion for a sentence reduction. See id. at 85-91. A "district court may consider all relevant factors when determining whether an eligible defendant merits relief under the First Step Act." Id. at 90 (internal quotation marks omitted). These factors include "new statutory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct," as well as "the 18 U.S.C. § 3553(a) sentencing factors." Id. (citation omitted). The district court properly considered these factors. Specifically, the court considered the applicable statutory penalties and current

U.S. Sentencing Guidelines and concluded that there was no disparity between the sentence appellant received for his federal offense and the sentence he would have received under current law.  The court also concluded that appellant's sentence remained reasonable under the factors set forth in 18 U.S.C. § 3553(a).  Finally, the court acknowledged that some post-sentencing developments favored appellant's position, but ultimately determined that those efforts were outweighed by the other factors.  Because the district court explained its decision and demonstrated that it considered the parties' arguments, its decision "satisfies our deferential review."  See United States v. Smith, 104 F.4th 314, 334-35 (D.C. Cir. 2024); see also Concepcion v. United States, 597 U.S. 481, 501-02 (2022).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**